# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50536
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO DOMINGUEZ-HERNANDEZ, also known as Antonio Dominguez, also known as Juan Dominguez-Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-344-1

Before DAVIS, SOUTHWICK, AND HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Antonio Dominguez-Hernandez (Dominguez) pleaded guilty to illegal reentry following deportation in violation of 8 U.S.C. § 1326. The district court sentenced him at the bottom of the advisory guidelines sentencing range to 15 months of imprisonment and a three-year term of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dominguez argues that his sentence is unreasonable because it is greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a).

Dominguez did not object to the reasonableness of his sentence after the district court imposed it. Thus, our review is for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Although Dominguez challenges the application of the plain-error standard he concedes that his argument is foreclosed. *See id.* To show plain error, Dominguez must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If Dominguez makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

First, as Dominguez concedes, we have consistently rejected his argument that the presumption of reasonableness should not apply to his within-guidelines sentence because U.S.S.G. § 2L1.2 is not empirically based. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Second, the record reflects that the district court considered the advisory guidelines range of imprisonment, Dominguez's arguments for a more lenient sentence, Dominguez's statements in allocution, and the § 3553(a) factors before determining that a sentence within the applicable advisory guidelines range of imprisonment was appropriate. The record thus reflects that the district court made an individualized determination at sentencing based on the facts presented and in light of the § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 50 (2007).

"[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also Rita v. United States*, 551 U.S. 338, 347 (2007). Dominguez has not shown that the district court failed to give proper weight

to his arguments or to any particular § 3553(a) factor. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). He thus has failed to rebut the presumption of reasonableness that attaches to his within-guidelines sentence, *see Alonzo*, 435 F.3d at 554-55, and he has not shown that the district court plainly erred in imposing that sentence. *See Puckett*, 556 U.S. at 135; *see also United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Accordingly, the district court's judgment is AFFIRMED.